[No. 4924.]

THE PEOPLE EX REL. SMITH ET AL. v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT AND NORTHCUTT JUDGE.

**Elections—Registration—Striking off Names—Authority of Election Judges—Jurisdiction—Injunction.**

It is the duty of the election judges in rural precincts to place upon the registration lists all names vouched for by

one of the election judges or who shall make the affidavits and proof required by statute, and such election judges have no authority to strike any such name from the registration list. The district court has jurisdiction to restrain such election judges by injunction from striking names from such registration lists, and the supreme court will not prohibit the district court from proceeding in such matter.

*Original Application for Writ of Prohibition.*

Mr. S. W. BELFORD, for petitioners.

Mr. H. J. HERSEY, for respondents.

*Per Curiam.*—Proceedings were instituted in the district court of the third judicial district to prevent certain judges of election in specified precincts in Las Animas county from striking the names of registered voters from the registration lists. It was charged in the petition upon which the proceedings in the district court were based that the judges of election in the several precincts had conspired, confederated and agreed to strike from the registration lists in each of the election precincts the names of a large number of persons qualified and entitled to vote at the next ensuing election, and who had been theretofore duly registered. From such petition it also appears that the several judges named had theretofore convened as a board of registration as by law required, and at this meeting the persons whose names, it is alleged, will be stricken from the registration lists, were duly registered. On the filing of the petition a temporary restraining order was issued, by which the several judges were restrained from striking from the registry lists of voters the names of the persons specifically set forth in the petition, as well as the names of any and all other persons whose names then appeared upon the registry lists of the several election precincts, until the further order of the court. The petitioners here then

applied for a writ of prohibition against the district court. On the filing of their petition consideration thereof was suspended until the question of jurisdiction could first be presented to the district court, and determined by that tribunal. That court has decided that it has jurisdiction. From the petition originally filed here, and the supplemental one filed since the district court passed upon the question of its jurisdiction, it appears that the several judges will meet in their several precincts on Tuesday, the first prox., as by law required, for the purpose of revising, correcting and completing the registration lists of the several precincts. The petitioners aver that on these registration lists, as made at their first meeting, there are the names of a great number of persons who are not entitled to vote at the next ensuing general election, and that such persons, unless the election judges are permitted to strike their names from the lists, will vote at such election. In short, according to the averments of the original and supplemental petitions filed here, the judges of election claim that at their next meeting, to be held on the first prox., they have the authority to strike from the registration lists the names of all persons who in their judgment are not legally qualified voters, and that it is their purpose to strike such names. The vital question is, have they this authority? If they have, then the district court is without jurisdiction to restrain them; but if not, then that tribunal is not exceeding its jurisdiction by inhibiting them from exercising a power which they do not possess.

In rural precincts the method of registration, as provided by law, is substantially as follows: The judges of election are required to meet on Tuesday, three weeks before the day upon which any general election shall be held, and make a list of names of all persons qualified and entitled to vote at the ensu-

ing election in the ward or precinct in which they are judges. For the convenience of the board they are authorized to take from the office of the county clerk the poll list of the ward or precinct filed by the judges of the last preceding election in such precinct. In making up the registration list, they are required to place thereon all names vouched for by one or more of the persons acting as judges. They are also required to place on such list the name of any person personally appearing before them who shall take and subscribe the prescribed oath. Within two days after the completion of the registration list made at the first meeting, it is the duty of the judges to post a copy of such list in some conspicuous place where the last election was held. At the succeeding meeting which is to be held one week previous to the election, the judges are again required to meet for the purpose of revising, correcting and completing the registry list. At this time any elector whose name is not on the revised registry list may have his name placed thereon upon making the required affidavit. The judges are also required to meet at the place designated for holding an election on the day preceding such election, at which time any elector whose name is not on the revised registry list may have his name placed thereon, provided he takes and subscribes the required oath, and shall prove by the oath of two registered electors of his precinct certain specified facts.

It is apparent from the provisions of law above referred to that when persons are vouched for, as specified, or take and subscribe the required oath which at the last meeting must be supplemented by the oath of two registered electors, their names shall be placed upon the registration lists; that after these requirements have been complied with, the judges have no authority to inquire whether the statements

made with respect to the qualifications of the persons registered are true or not. At the second meeting it is their duty to revise, correct and complete the registration list, but they have no authority to enter into an *ex parte* inquisition for the purpose of ascertaining whether or not the persons whose names were placed upon the registration list at their first meeting were qualified voters. Previous to this meeting, notice has been given by the posting of a copy of the list made at the first meeting of the board that the names of certain persons have been placed upon the registration list. Persons examining that list have the right to assume that their names will remain there. If, at the second meeting, the list first made could be revised by striking names of persons which the members of the board concluded were not qualified voters, then those who had examined the copy of the first registration list or who had appeared personally and been registered would have no assurance that their names would remain on the list. The law expressly prohibits any person from voting whose name is not upon the registration list. If the board could exercise the authority claimed, then many persons who would have the right to assume, from an inspection of the original list, or because they had appeared personally before the board and been registered, that their names were on the list, might find that, on the day of election, they were not registered. If the election judges had the right, as they claim in this instance, to strike from the registration list at the second meeting the names of persons who, in their judgment, were not qualified electors, it would be practically in their power to disfranchise the electors of a precinct. Such authority, if exercised, would place it within the power of the political party having a majority of the election judges, to disfranchise all voters of the opposite political faith. The

law never contemplated that they should have such authority. Their duty consists of making up the registration list when the prescribed conditions have been complied with.

It is not impossible that if the law should be construed to vest in the judges of election the power at their second meeting, which it is claimed on the part of counsel for petitioner they have the right to exercise, the representatives of the political party on whose behalf this application is presented would find that on Tuesday next, in other precincts where a majority of the election judges are of the opposite political faith, the names of persons registered would be stricken from the lists, to their great detriment. It was to prevent a possible exercise of such arbitrary power by judges of election whose actions might be influenced by political affiliations, that the law has wisely prescribed that, when certain formalities are complied with, names shall be placed on the registration lists. Persons whose names appear on such lists are *prima facie* entitled to vote, but they may be challenged when they offer to vote; so that ample provision is made to prevent those from voting who do not possess the necessary legal qualifications.

We conclude that the district court has jurisdiction to prevent the judges of election from striking from the registration lists the names of persons theretofore registered. Perhaps the order originally entered was too broad, in that, literally construed, it would prevent the board from revising or correcting the first list. This order, however, does not oust the court of jurisdiction. We must assume that in making the final order it will be so worded that the judges will not be inhibited from revising and correcting the registration lists to the extent contemplated by section 110 of the election law.

*Writ denied and proceeding dismissed.*