[Nos. 4925 and 4926.]

THE PEOPLE EX REL. SMITH v. THE DISTRICT COURT OF
THE THIRD JUDICIAL DISTRICT ET AL.

Elections—Registration—Jurisdiction—Mandamus—Prohibition.

In rural election precincts where a person is vouched for by
one of the election judges as a legal voter, or makes the affidavit
or proof required by statute, the election judges acting as a
board of registration have no discretion except to place the
name upon the registration list, and the district court has juris-
diction by mandamus to compel such registration board to
place such name upon the registration list, and the supreme
court will not interfere with such jurisdiction by writ of prohibi-
tion.

*Original Applications for Writs of Prohibition.*

Mr. S. W. BELFORD, Mr. A. MOORE BERRY and Mr.
JOHN T. BOTTOM, for petitioner.

Mr. H. J. HERSEY, for respondent.

*Per Curiam.*—These cases present the same
question, and will be considered together. Proceed-
ings were instituted in the district court the purpose
of which was to compel certain persons constituting
the boards of registration for specific precincts to
place on the registration lists the names of certain
persons. Upon the filing of the petitions in the court
below, alternative writs of mandamus were directed
to the respective boards of registry, directing them
to forthwith enter upon the respective registration
lists the names of the persons set out in the petitions,
or, in default thereof, that they appear before the
district court or the judge thereof, and show cause
why they have not done so. The jurisdiction of the
district court was duly challenged, and a ruling on
that question made to the effect that the court had
jurisdiction to require the persons named as respond-
ents in the alternative writs to do and perform the

acts designated.   Thereupon the petitioners . here applied for writs of prohibition.   It appears from the pleadings upon which the proceedings were. instituted in the court below that the persons whose names it is sought to have placed on the registration lists were duly vouched for by one of the judges of election in accordance with the provisions of section 123, election laws; that notwithstanding these persons were so vouched for, the other two judges refused to place the names of such persons upon the registration lists. In the petitions filed here it is claimed on behalf of petitioners that the persons named were not vouched for as stated.   This statement might be a good defense in the district court, but is not material here. The question is, did the district court, under the averments made in the complaints filed in that tribunal, have jurisdiction to direct that the judges of election place the names of the persons specified on the registration lists if the averments of such complaints are true, or, if controverted, should be found true at the trial?

Section 123 of the election laws above referred to is plain and specific. · There is no mistaking ·its meaning or purport.   It expressly provides that when a person whose name is to be registered and also the facts of his legal qualifications as a voter in the precinct in which his name is to be registered shall be known to one of the persons acting as a board of registry, and such person shall sign his name on the registry roll or list opposite the name of such voter, that then such name shall be placed upon the registration list.   The entire purpose of the election law, in so far as it relates to the subject of registration, is to render it impossible for judges of election to prevent registration on account of political affiliations or preferences. · The law requires that not more than two judges of election shall belong to the same

political party.  The provision of the law above referred to renders it impossible for the majority members of the board to prevent the registration of those persons for whom the minority member vouches.  There are other provisions of the law with respect to registration from a reading of which it is apparent that when the formalities prescribed are complied with, there is no discretion left with the members of the board of registration except to place the name of the person properly vouched for, or taking the required oath, upon the registration lists.  If it were otherwise, or if, under any circumstances, the law permitted the board of registration to inquire into the qualifications of an elector after he was properly vouched for, or had complied with the other requirements of the law with respect to registration, then it would be within the power of a registration board to so make up the registration list that voters affiliated with the political party represented by the minority member would be entirely excluded.  The registration lists are only *prima facie* evidence that the persons whose names appear thereon are legally qualified to vote.  When they present themselves at the polls, they may be challenged, and it is made the duty of any judge of election to challenge any person offering to vote whom he shall believe is not qualified.  Any elector may also exercise such challenge.  Ample provision is made for the determination of questions of fact raised by the challenge, so that full protection is afforded against illegal voting.

*Writs denied and proceedings dismissed.*