[No. 5190.]
[No. 2797 C. A.]

AICHELE, AS COUNTY CLERK AND RECORDER OF ARAPA-HOE COUNTY, v. THE PEOPLE EX REL. LOWRY.

1. **Elections—Supervision—District Courts—Jurisdiction.**

An action to have the district court assume jurisdiction over and supervise a state and county election cannot be maintained, as, by our constitution, such jurisdiction is vested exclusively in the supreme court.—P. 486.

2. Elections—Registration—Distinct Subjects.

Registration is something that precedes and is preliminary to an election, and is treated as a distinct and separate subject of legislation; therefore, jurisdiction of the courts to protect registration books from padding is something distinct from jurisdiction of the conduct of an election on the day when voting takes place.—P. 488.

3. Registration—Fictitious Names—Certification—Courts—Jurisdiction—Injunctions.

In an action to enjoin the county clerk from certifying fraudulent and fictitious registration lists of voters to the election judges, it was alleged, inter alia, that he had knowingly and willfully made and entered on the registration books the names of fictitious persons, and had made and is making original registrations and changing the same after the time fixed by law. Held, that it is within the power of a court of equity to prevent or render harmless such illegal acts, and in doing so it is in no sense supervising or controlling the conduct of an election.—P. 488.

4. Same—Constitutional Law—Guaranty of Free and Open Elections.

The granting of an injunction to restrain a county clerk from certifying fraudulent and fictitious registration lists to the election judges does not violate § 5, art. 2, Colo. const., declaring that all elections shall be free and open, and that no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.—P. 488.

*Error to the District Court of Arapahoe County.*
*Hon. Frank T. Johnson, Judge.*

Action by the people, on the relation of W. B. Lowry, against Julius Aichele, as county clerk and recorder of Arapahoe county, Colorado. From a judgment declaring defendant to be in contempt of court for having violated an injunction issued in the action, defendant brings error.        *Affirmed.*

Decision *en banc.* CHIEF JUSTICE STEELE dissenting.

Mr. W. H. BRYANT, and Mr. H. RIDDELL, for plaintiff in error.

Mr. HENRY J. HERSEY, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The complaint in this action, filed October 30, 1902, alleges that relator or petitioner is a qualified elector of Arapahoe county and chairman of the republican county central committee of that county, and, as such, charged with the duty of protecting and furthering its interests; that a regular state and county election is to be held in all the counties of the state in the following November, for which the republican party has nominated state and county candidates then to be voted for; that it is the duty of the county clerk of each county to make registration of the qualified electors in his county and to certify the same in poll books to be delivered to the judges of election in the several election precincts, by which those officers are guided in receiving ballots on election day.

Relator says that he brings the action in his own behalf and in behalf of the republican party and its candidates, as well as all other electors and voters of Arapahoe county and all political parties and organizations therein.

The complaint proceeds to allege that the county clerk and his deputies have unlawfully entered into a conspiracy for the purpose of corrupting the ballot and perverting the election in behalf of a certain political party, to the prejudice and injury of the republican and other parties; that in pursuance of that conspiracy, it is specifically alleged that the defendant and his deputies have permitted and allowed and made and caused to be entered upon the registration sheet and books, in his office, at divers times, many thousand false and fraudulent registrations of persons not qualified to be registered in the several precincts of the county, and also of many fictitious names as persons entitled to be registered. It is also

alleged that, after the expiration of the time prescribed by law for original registration of voters and for correcting and changing such registration, the defendant and his deputies are still unlawfully continuing to make original registrations and changes and corrections therein, and that it is their purpose, unless restrained by the court, to cause the names of all such fraudulent and fictitious persons, whose names are given, to be entered in the registration lists, and to be certified and placed in the poll books and delivered to the judges of election, so that such unauthorized and fictitious persons may vote at the approaching election, and especially those who will vote against the candidates of the party which the relator represents, the result of which will be to change the result of the election from what it otherwise would be, if such frauds were not committed, or if they are enjoined.

The prayer of the complaint is that a temporary writ of injunction be issued enjoining the defendant from copying, or causing to be copied, such fraudulent and fictitious names and addresses or certifying them to the judges of election until further order of the court.

The temporary writ, as prayed for, was issued, and afterwards, and when the writ was served upon him, defendant appeared specially, and moved the court to dissolve the same on the ground, among others, that the court did not have jurisdiction of the subject-matter of the action. This motion was overruled, and the temporary injunction was continued, notwithstanding which, the defendant violated the same by certifying the registrations in question to the judges of election, and upon such violation being brought to the attention of the court by proper affidavit, the defendant was cited as for contempt, and he appeared and answered, not denying

that he had disobeyed the writ, but asserting that the court was without jurisdiction to issue it; hence disobedience thereof by him did not constitute a contempt of court. The court on final hearing held that it had jurisdiction, and that defendant was guilty of disobedience of the writ, whereupon a judgment of fine and imprisonment was imposed upon him, to reverse which he sued out the present writ of error.

The only question argued by respective counsel is the jurisdiction of the district court. No claim is made that the county clerk has the sole authority to determine the legal qualification of electors, and it cannot, of course, be maintained that, in his discretion, he may put names of fictitious persons on the lists. If, fairly construed, the purpose of the action was to have the district court assume jurisdiction over and supervise the approaching general state and county election, for which the registration in question was being prepared, it cannot be maintained. This court in *People ex rel. v. Tool,* 35 Colo. 225, held that such jurisdiction was vested in, and, in a proper case, might be exercised by, the supreme court of the state, and in that case it was rightfully invoked. There the action was instituted in the supreme court by the people of the state on the relation of its attorney general, one object of which was to supervise a state and county election, and the court issued a writ of injunction commanding the public officers charged with the duty of conducting the election to obey the statutes relating thereto, and restraining them from violating the same, and others named from unlawful interference therewith. In the course of its opinion the court said: "Individuals cannot invoke the power of a court of equity to enjoin these acts, but the state, in its sovereign capacity as *parens patriae,* has the right to invoke the

power of a court of equity to protect its citizens when they are incompetent to act for themselves."

It was not decided in that case, as the question was not involved, whether such jurisdiction was vested in any other than the supreme court. In a later case, however, *People ex rel. v. District Court,* 37 Colo. 443, it was held that such jurisdiction was, by our constitution, vested exclusively in the supreme court of the state, and was not conferred upon, and could not be exercised by, any other court. The reasons for this ruling need not now be stated. The opinion therein sufficiently discloses them.

The important question, therefore, is whether the pending case is one to supervise or control an election. There are no allegations in the complaint that any of the officers charged with the conduct of the election, on election day, have committed, or will commit, any frauds, and no relief is asked as against them. The only averments bearing upon election day are that if the fraudulent registrations are certified by the county clerk, the necessary result will be that the election judges would be justified in receiving, and will receive, ballots cast by such fraudulent and fictitious registered voters; but there is no allegation that the judges of election are parties to the alleged conspiracy, or that they will act in furtherance thereof. The illegal acts, which the complaint charges against the defendant, are those which already have been, or will be, committed by him as a county officer before the day of election, and the only relief asked is against him, in his official capacity, to restrain him from certifying to the judges of election the fraudulent and fictitious registrations which he and his subordinates themselves have unlawfully made. The writ, when issued, did not interfere with, or purport to supervise the conduct of, the election itself, but the sole object of the action is, and the

effect of the writ when issued would be, to prevent falsification of public records, and, indirectly, a fraud upon the election franchise. Registration is something that precedes, and is preliminary to, an election. It is treated by our statute as a distinct and separate subject of legislation.—Session Laws 1893, 244. And we think jurisdiction of the courts to protect registration books from padding is something distinct from jurisdiction of the conduct of an election on the day when voting takes place.

We are of opinion that the object of the action is entirely different from the two foregoing cases cited, and does not come within the rule of the latter, which restricts jurisdiction to supervise elections to the supreme court of the state. We do not see why a court of equity, in the exercise of its ordinary equitable jurisdiction, has not the same power to restrain a public officer from registering or certifying fictitious persons, or making or changing original registration after the time fixed by the statute, as it would have to prevent a public officer from entering upon public records false or forged instruments, or those which are not entitled to be placed upon record. At least, with respect to the allegation in the complaint, that the defendant has knowingly and willfully made and entered upon the registration books the names of fictitious persons, and has made and is making original registrations and changing the same after the time fixed by law, there can be no question that it is within the power of a court of equity to prevent or render harmless such illegal acts, and in doing so, it is in no sense supervising or controlling the conduct of an election. Neither does the granting of a writ for such purpose violate section 5 of article 2 of our constitution, which declares, ''that all elections shall be free and open, and that no power,

civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.''

We assume, for our present purpose, as we must, that the averments of the complaint are true, because defendant has not denied them. Whether or not, in subsequent orders, if any, the court exceeded the jurisdiction which the complaint conferred, we do not know, for none such are before us. We confine our decision to the sole question raised and argued by counsel, viz., jurisdiction.

Two former decisions of this court are precedents for our conclusion. In *People v. District Court,* 33 Colo. 16, it was decided that the district court had jurisdiction to restrain election judges in rural precincts, who are charged with the duty of making registration of qualified voters, from striking from such lists the names of electors who, under the statute, had been vouched for and certified by one of the three election judges. In some of the larger cities of the state, under our election laws, the registration lists are made by the county clerk, while in rural precincts such power is given to the election judges themselves.

The other case is *People v. District Court,* 33 Colo. 22. There, in a rural election precinct, the election judges, sitting as a board of registration, refused to place upon the registration books the names of persons who had been vouched for as qualified electors by one of the election judges, as the statute required they should do. The district court, by a writ of mandamus, compelled the board to place such names upon the list. It was sought by the aggrieved parties, by an original application for a writ of prohibition in this court, to nullify the action of the district court upon the ground that it did not have jurisdiction to issue a writ of mandamus for that purpose. This court refused to prohibit the

district court, holding that it was acting within its jurisdiction.

If election judges, sitting as a board of registration, may, by a writ of injunction, be prevented from striking from the registration books names which are properly there, or by mandamus, compelled to insert therein names lawfully entitled to be there, a county clerk, acting in the same capacity, can be enjoined from certifying to election judges names of fictitious persons, which he has corruptly put on his official records.

It follows that the judgment of the district court must be affirmed.                    *Affirmed.*

Decision *en banc,* all the justices concurring, except CHIEF JUSTICE STEELE, who dissents.