No. 12,213.

MILLER, ET AL. *v*. ARMSTRONG, SECRETARY OF STATE.

Decided September 29, 1928.

Mr. PHILIP HORNBEIN, Mr. JAMES A. WOODS, for plaintiffs in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. DONALD C. McCREERY, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

CERTAIN persons protested a petition to initiate a repeal of section 13 of article XII of the Colorado Constitution known as the Civil Service Amendment. The secretary of state sustained the protest, and the district court, upon review, affirmed the secretary's action, whereupon the petitioners brought the case here for review under C. L. § 31.

The number of names necessary to a valid petition is 23,085. The petition bears 31,280 names, a surplus of 8,195. The statute which fixes the essentials of such a petition, C. L. § 29, reads as follows: "All initiative and referendum petitions shall be signed by qualified electors in their own proper person only, to which shall be attached the residence address of such person, including street and number, if any, and the date of signing the

same. To each such petition shall be attached an affidavit of some qualified elector that each signature thereon is the signature of the person whose name it purports to be and that to the best of the knowledge and belief of the affiant each of the persons signing said petition was at the time of signing a qualified elector.''

1. The petitioners concede that the following names should be rejected:

    (a) Where no day or no month is stated in date of signing, .......................... 458

    (b) Names with double addresses,............ 27

    (c) No town or city given in address,......... 230

    (d) Six sections of petition which contain forgeries, .............................. 600

    (e) One section from Alamosa with various defects, ............................. 100

    (f) Sections verified by one not knowing facts, 187

    (g) Unintelligible addresses, ............... 56

    (h) Section circulated by a minor,........... 100

    (i) Business, instead of residence, addresses,.. 27

                                         1785

2. We are of the opinion that dates in which the year was omitted are insufficient because it would permit fraud by using the separated sheets in later petitions for other purposes and thus frustrate the purpose of the dates. The number of such names is conceded to be............... 2,615

3. There are many names where the address lacks the street number, though either by judicial notice or by other signatures or by other evidence we know that the signers presumably had residences with street numbers. A majority of the court think these should be rejected. The protestants claim these number 3,055, the petitioners concede 2,808. Neither the secretary nor the court made any specific finding on this point, but the secretary upon proof by the protestants in

support of this objection to certain names and their offer of further proof, declared himself satisfied as to the whole claim.................... 3,055

4. Two or more signatures appear in the same handwriting; both must be rejected............. 553

5. About thirty-eight sections are shown by evidence to the satisfaction of the secretary of state to have been tampered with after signing so that over three thousand names thereon must be rejected ................................... 3,000

                                               11,008

6. Less duplication between items 2 and 3.... 360

                                               10,648

If we substract this from 31,280, we shall have 20,632, which is 2,453 less than the necessary number. This requires the affirmance of the judgment.

There are nearly one hundred sections of the petition the required affidavit to each of which is false, in that in at least one instance in each section two or more names are written by one hand. It is conceded that such names must be rejected, but protestants claim that the falsity of the affidavit in respect to such names destroys its force as to all other names in such section and so destroys the integrity of the section as would the separation of the sheets and alteration of the section (*Elkins v. Milliken,* 80 Colo. 135, 249 Pac. 655) and that such sections should be rejected entirely. This would reject some nine thousand names and would alone vitiate the petition, but we are not unanimous on the point so we rest our decision on the matters itemized above.

The record, as stated above, shows several hundred cases where one person has signed for another. The statute makes this a felony. The circulator in these cases has made oath to the genuineness of the signatures. If done with knowledge this was perjury. Nearly half of

the sections of the petition have been circulated with reckless disregard of the law. The guilty should be prosecuted and punished.

The district court held that it was a court of review and not for trial de novo. A majority of this court think that was right under C. L. § 31.

The secretary of state made no specific findings. It would have been a great aid to the district court and to this court if he had specified the names or categories of names which he found were to be rejected. We hope in any future case he will do so.

The judgment is affirmed.

MR. JUSTICE BURKE was not able to attend the oral argument and since his vote is not necessary to a decision and would not affect the result he does not participate herein.

MR. JUSTICE ADAMS and MR. JUSTICE WALKER dissent.

MR. JUSTICE ADAMS dissenting.

Irrespective of 1,785 names which the petitioners admit are illegal, I think that, disregarding hypertechnical objections, there are still enough names left to entitle the proposed amendment to a place on the ballot. I have less difficulty in agreeing with the majority opinion in some of its statements of law, than in their application. Problems of addition and subtraction are easy enough, but what to add or subtract is quite different. There was a gross disregard on protestants' part of the requirement of section 31, C. L. 1921, that a protest must set forth "specifically the grounds of such protest and the *names protested.*" Thousands of names have been thrown out where this was not done. As a result, I think I can successfully challenge any man, lawyer or judge, connected with this case from beginning to end, to produce such names. We have said repeatedly that we do

not decide cases on conjecture. It would make for the administration of justice to adhere to the rule.

For the above reasons, I respectfully dissent.

Mr. Justice Walker dissenting.

I am not able to assent to the holding of the court.

Except to say that I cannot agree to them, I need not discuss the objections to the petition raised by the protestants, but which are not made the basis of the court's decision. Of the grounds specifically relied upon in the opinion, those stated in paragraphs numbered two and three are, in my judgment, open to serious doubt, but it seems clear to me that the ground set forth in paragraph five is untenable; and since it is necessary to sustain the latter assignment in order to reach the result arrived at by the court, I shall briefly indicate my views concerning it.

The opinion says that the three thousand names affected by this assignment are to be stricken because of tampering. A small part of this number was attacked because erasures appear to have been made under the addresses or dates. The bulk of the number, however—and that part of it essential to the result reached by the court—was attacked because, as it is claimed, the addresses and dates or both were written in by persons other than the signers, and after the signing. It is admitted that under the law persons other than signers may write in these particulars. If the addition, subsequent to the signing, by a person thus authorized to make it, and in accordance with the instructions of the signer, and without fraudulent intent, and without changing anything that has been written, constitutes a tampering, it is "of a different house and no way kin" to the species of tampering we are accustomed to denounce as invalidating other and more technical documents than an initiative petition. If the contention be that the annexing of the date and addresses must be done at the time of the signing, the contention is sustained by *Elkins v. Milliken,* 80

422

Colo. 135, 249 Pac. 655, but this should not be unreasonably interpreted to mean that the signature is invalid, if the writing of another signature intervenes before the completion of the first, if all be done in the signer's presence, and so that he may know what address and date he is certifying to. But however the requirement be stated, the evidence does not show a violation of it in this case.

The circumstances relied upon to show such violation are that blocks or groups of the word "Denver," or the date, or both, were shown to have been written in by one hand, and according to the opinion of a handwriting expert, at one sitting. This testimony was given with reference to a few only of the many sections of the petition, and as to many others (included in the court's computation) it was claimed that the intrinsic evidence in the appearance of the document itself is sufficient. The expert witness also ventured his opinion, with reference to one section only, that the writing of the blocks or groups was done after the signing. But he gave as his reason for this conclusion the observation that he could not think of any reason why it would be done before. Upon this meagre evidence the secretary of state appears to have found that the writing in of the addresses and dates in these cases was done out of the presence of the signers, and so long after the signatures were affixed as not to constitute a compliance with the law. This finding is now approved by this court, although, as it seems to me, it is hardly more than a guess. It is unsupported by evidence which would be regarded as sufficient to maintain an issue in a civil case. I can not adopt it, in preference to the equal probabilities that, even if the addresses and dates were in fact all written at one sitting, this might have been done in anticipation of obtaining signers from Denver only, or in the presence of a group of signers, or under other circumstances consonant with the law, probabilities that are reinforced by the recital or certificate of

the signers themselves, by the presumption in favor of the regularity and validity of the document, and by the presumption against the commission of criminal acts on the part of the circulators and the signers.

I think the judgment should be reversed.