No. 18,316.

COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS,
ET AL. *v.* DONALD L. MARSHALL.
(315 P. [2d] 198)

Decided September 9, 1957.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mrs. PATRICIA H. MALOY, Assistant, Mr. SAMUEL R. FREEMAN, Assistant, for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

In the trial court defendant in error was plaintiff and will be referred to as petitioner; plaintiffs in error were defendants and will be referred to as the Board.

Petitioner applied to the Board for a license to practice architecture pursuant to C.R.S. '53, 2-10-14 (1), which provides that at any time within six months after the act becomes effective, upon application:

"The Board shall issue a license without written or oral examination to: (1) Any person who has been engaged in the practice of architecture in Colorado, as defined in Section (1) of Section 10-2-2, for a period of three years prior to the effective date hereof; * * *."

Upon submission of petitioner's evidence to the Board it denied him a license and upon rehearing affirmed the denial. Petitioner then applied to the district court for relief in the nature of certiorari under Rule 106, R.C.P. Colo. An order to show cause was issued, return made and after trial the court ordered the license to issue finding that petitioner was qualified therefor under the terms of the statute and that the Board had no discretion in the matter. On the Board's motion execution was stayed for thirty days. No motion for new trial was filed, nor was an order dispensing therewith entered. The Board seeks review in this court and petitioner has moved to dismiss the writ of error urging:

1. That Rule 59 (f) requiring a motion for a new trial or an order dispensing therewith has not been complied with.

2. That the Board being judicial, or quasi-judicial, is not a legally aggrieved person with status to prosecute a writ of error to review this judgment; and

3. That the Board having acted in a judicial capacity, its ruling is subject to review by the district court and it has no interest in having the matter again reviewed on writ of error.

The Board urges that it is not necessary to file a motion for new trial in actions arising under Rule 106, since such proceedings are *appeals* not *trials,* and denies the validity of the other two points.

We are pursuaded that the first ground of alleged error is determinative of the action, hence we do not decide the other points urged in the motion to dismiss.

*Question To Be Determined:*

*Is a motion for new trial or an order dispensing therewith a condition precedent to seeking relief by writ of error in this court in actions brought under Rule 106 R.C.P.?*

This question is answered in the affirmative. Rule 59 (f) states:

"No Review Unless Made. The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

Rule 106 is entitled "Forms of Writs Abolished," the pertinent part of which reads:

"(a) * * *. In the following cases relief may be obtained by appropriate action or by an appropriate motion under the practice prescribed in these rules:

"* * *

"(4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the *complaint* the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the *complaint* is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and

proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." (Emphasis added.)

█ This court has often held that Rule 59 (f) must be strictly complied with and has only recently reaffirmed this ruling. *Kopff v. Judd,* 134 Colo. 330, 304 P. (2d) 623. In the Kopff case the trial court had no evidence before it, only questions of law were involved, and it was said in part: "This rule applies in cases where a review of a pure question of law is sought, as well as for a review of questions of facts."

The Rules of Civil Procedure clearly provide for only one form of action (Rule 2) and for the application of the rules to "the procedure in the supreme, district * * * courts, * * * in all actions, suits or proceedings of a civil nature, whether cognizable at law or in equity * * *." (Rule 1). The Rules provide a complete and orderly procedure for the trial and determination of civil actions, and each of those referred to is related to and dependent upon the other. Rule 106 (a) (4) clearly contemplates the application of Rule 2 since it requires a *complaint* which must be filed and summons issued and served as in other actions. A fortiori other rules, when pertinent, including Rule 59 (f), apply to proceedings under Rule 106.

The Board has cited *Miller v. Armstrong,* 84 Colo. 416, 270 Pac. 877; *Degge v. Hitchcock,* 229 U. S. 162, 163, 57 L. Ed. 1135, 33 Sup. Ct. 639; *Bennett v. Otto,* 68 Neb. 652, 94 N.W. 807; and *State v. Haid,* 327 Mo. 567, 38 S.W. (2d) 44, as authority for the claim that the provisions of Rule 59 (f) do not apply here. None of these cases is in point, since each was decided long prior to the adoption by both the Federal and Colorado courts of the present Rules of Civil Procedure.

█ Before the adoption of the present Colorado

Rules a motion for a new trial was indispensable where a review of alleged errors and rulings occurring during the trial was sought, its purpose being to give the trial court an opportunity to correct procedural errors. The adoption of Rule 106 altered the procedural aspects only of the remedy previously known as "certiorari," the substantive aspects remain the same. *North Poudre Irrigation Co. v. Hinderlider,* 112 Colo. 467, 150 P. (2d) 304; *Hall v. Denver,* 117 Colo. 508, 190 P. (2d) 122 (relief in nature of writs of mandamus). But this does not mean that the rule of *Kopff v. Judd,* supra, does not apply to writs of error sued out to review proceedings brought under Rule 106. The Kopff case expressly held that a motion for a new trial is a prerequisite to review by writ of error in cases involving questions of law only as well as in cases involving questions of fact.

We hold that proceedings under Rule 106 are subject to the requirements of Rule 59 (f) and that such requirements apply whether the reviewing court acts as a trial court or as an appellate tribunal in reviewing the actions of a quasi-judicial tribunal.

The writ of error is dismissed.

Mr. Justice Holland and Mr. Justice Day not participating.