No. 18,432.

W. J. WALTER *v.* JOSEPH H. WALTER.

(318 P. [2d] 221)

Decided November 25, 1957.

Mr. W. E. McCARTHY, for plaintiff in error.

Messrs. HUTCHINSON & HUTCHINSON, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

OCTOBER 9, 1957, defendant in error filed a "Petition" in this court to dismiss writ of error issued in this case. He alleged that final judgment was entered June 15, 1957, and that no motion for new trial was filed until July 9, 1957; further, that no request was made for addi-

tional time within which to file a motion for new trial. Petitioner also alleged that Rules 111 and 112, Colo. R.C.P. have not been complied with by plaintiff in error in that the cost of preparing the record has not yet been paid to the clerk of the district court and in that he did not within sixty days from the date of the judgment sought to be reviewed lodge with the clerk of the trial court the reporter's transcript containing designated parts of the proceedings and evidence.

Plaintiff in error on November 7, 1957, filed his "Objections to Dismissal" showing that on June 20, 1957, he had filed in this court in action No. 18,345 his "Complaint To Show Cause and Argument In Support Thereof." He also showed that on June 20, 1957, he filed in the trial court a "Motion to Suspend Proceedings" until this court had considered his petition to show cause. He further alleges that forthwith, to-wit, on July 9, 1957, following the denial of his show cause petition by this court he filed his motion for new trial in the trial court.

It appears from the pleadings before us that plaintiff in error's two motions in the trial court were denied September 23, 1957, and that he had then proceeded on October 3, 1957, to sue out a writ of error.

We have elected to determine this matter by written opinion since the question of when a suspension or waiver of time arises on these facts under our Rules of Civil Procedure is of importance to the bench and bar.

Rule 59, Colo. R.C.P. sets forth the practice governing new trials and amendments of judgments. Regarding the time for filing a motion for a new trial it states: "(b) * * *. A motion for a new trial *shall* be filed not later than 10 days after the entry of the judgment, * * *." (Emphasis added.)

Regarding reviews it states: "(f) No Review Unless Made. The party claiming error in the trial of any case *must,* unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only

questions presented in such motion will be considered on review." (Emphasis added.)

In *Niles v. Shinkle* (1949) 119 Colo. 458, 204 P. (2d) 1077, this court held that it was proper to strike a motion which violated the above quoted rules and that any further action by the court was a nullity. This followed a similar ruling in *Galiger v. Armstrong* (1946) 114 Colo. 397, 165 P. (2d) 1019.

## THE QUESTION NOW PRESENTED IS:

*Does the filing of a Petition to Show Cause in this court within the ten-day period following entry of final judgment, coupled with the filing of a motion in the trial court to suspend proceedings, stay the time to file a motion for a new trial under Rule 59, Colo. R.C.P. and stay the time to proceed under Rules 111 and 112, Colo. R.C.P.?*

This question is answered in the negative.

■ We note that Rule 59 (b) requires that a motion for a new trial "shall" be filed and that 59 (f) provides that the party claiming error "must," unless otherwise ordered by the trial court, move that court for a new trial. If these two mandatory words are to mean anything they mean that there is only one way to avoid the need to file a motion for a new trial and that is by having the trial court order otherwise.

In our recent opinion in *Colorado State Board of Examiners of Architects v. Marshall,* 136 Colo. 200, 315 P. (2d) 198, (citing *Kopff v. Judd,* 134 Colo. 330, 304 P. (2d) 623) the plaintiffs in error had failed to move for a new trial following the trial below and the trial court had not dispensed therewith. There the Board's motion in the trial court to stay execution for thirty days was granted. The Board in defense of its writ of error on motion to dismiss contended that under Rule 106, Colo. R.C.P. it was not necessary in actions in the nature of certiorari to move for a new trial. We held to the contrary. The same principles apply here. The purpose of the require-

ments of Rule 59 (b) and (f) is to give the trial court an opportunity to correct any errors. Here plaintiff in error did not permit the trial court to review its actions within the express period required, or within any extension thereof under Colo. R.C.P. 6 (b). Failure to do so and failure to secure an order of the trial court to dispense with filing of the motion persuades us that we cannot consider the writ nor can we consider the other points raised in the motion to dismiss.

Writ or Error dismissed.