No. 18,166.

EARL L. SULLIVAN, AS SHERIFF, ETC. *v.* MODERN MUSIC
COMPANY, ET AL.
324 P. [2d] 374)

Decided April 21, 1958.

Mr. LEO W. RECTOR, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.
HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant,
Amici Curiae.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the
Court.

IN 1955, Sullivan, as sheriff, by the then district attor-

ney, was petitioner in the trial court in a proceeding in rem seeking a court order under '53 C.R.S., 40-10-1, to destroy eleven devices commonly known as pinball machines. The defendants, except Struthers, were the owners of ten of the machines placed on consignment in various locations in the city of Colorado Springs and vicinity. Struthers was both owner and operator of one machine. Sullivan's petition alleged that the machines were gambling devices and were used and kept for gambling purposes.

Following trial the court made its written Findings of Fact, Conclusions of Law and Judgment which held in pertinent part that the machines did not have payoff devices for paying off to a player making the proper score; that any pay off was over the counter; that such pinball machines are not gambling devices per se; that the machines were kept and used for gambling purposes by the operators of the places of business wherein they had been seized; and, that with the exception of Struthers, that they were used without the knowledge or consent of the owners of said machines. The trial court then proceeded to hold that under '53 C.R.S., 40-10-13, only those machines used for gambling with the actual or constructive knowledge of the owners could be ordered destroyed; that the State has the burden of proving not only the gambling use but also knowledge or constructive notice of their illegal use. The court ordered Struther's machine destroyed and the other ten returned to their rightful owners.

Sullivan brings error claiming that the judgment as to the ten machines ordered returned was improper. His brief and that of the attorney general as amicus curiae have been filed. Defendants in error have filed no brief and have made no appearance in this court.

We are unable to pass upon the merits of the matter presented because the record fails to show that Sullivan complied below with Rule 59 (b) R.C.P. Colo. requiring a motion for a new trial to be filed or with

Rule 59 (f) which provides there can be no review where no motion for a new trial has been filed unless "otherwise ordered by the trial court * * *" *Walter v. Walter,* 136 Colo. 405, 318 P. (2d) 221.

In the instant case the trial court concluded its judgment with this paragraph:

"IT IS FURTHER ORDERED BY THE COURT that petitioner have sixty days in which to prepare and tender a Reporter's Transcript, and will have a stay of execution for thirty days, and if a Reporter's Transcript is ordered in thirty days, that petitioner have a further stay of execution until final disposition of this matter."

Nowhere does the judgment or record show that motion for new trial was filed or the necessity thereof dispensed with. As we said in the *Walters* case supra, "The purpose of the requirements of Rule 59 (b) and (f) is to give the trial court an opportunity to correct errors * * * Failure to do so and failure to secure an order of the trial court to dispense with filing of the motion persuades us that we cannot consider the writ * * *"

Writ of error dismissed.