STATE of Colorado, DEPARTMENT OF REVENUE, Plaintiff-Appellee,

v.

GROOMS MUSIC CO., INC., Defendant-Appellant.

No. 85CA0060.

Colorado Court of Appeals, Div. II.

April 3, 1986.

Rehearing Denied May 1, 1986.

Certiorari Denied July 14, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for defendant-appellant.

STERNBERG, Judge.

This dispute arose as an adjunct to a liquor license revocation proceeding concerning the licensee's alleged installation and use on its premises of two video games for gambling purposes. Grooms Music Co. (Grooms), the alleged owner or lessor of the two video games in question, appeals an order of the trial court authorizing destruction of the two games and mandating forfeiture to the state of certain gambling proceeds. We affirm.

In a previous appeal of the license revocation proceeding, the licensee sought review of the suspension of his license entered on the finding that he had violated § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5). The evidence there presented showed that patrons of the licensee's bar played the two video games, each of which awarded successful players electronic credits good for further play, and the licensee had redeemed such credits in cash.

The Department of Revenue hearing officer there found, *inter alia*, that the video games constituted "gambling devices" and that the licensee had engaged in "professional gambling" both as defined in § 18–10–102, C.R.S. (1978 Repl.Vol. 8). The procedure followed and the rulings of the hearing officer were affirmed by this court. *See Brownlee v. State of Colorado*, 686 P.2d 1372 (Colo.App.1984).

In that proceeding, the state moved for an order authorizing destruction of the video games and forfeiture of any gambling proceeds therefrom pursuant to § 18–10–104, C.R.S. (1978 Repl.Vol. 8). It therefore sought to join Grooms and, in so doing, it alleged, *inter alia*, that Grooms was either owner or lessor of the video games, that the games were gambling devices within the meaning of § 18–10–102(3), C.R.S. (1978 Repl.Vol. 8), and that the games were useable and had been used in the playing phases of professional gambling activities as defined in § 18–10–102(8), C.R.S. (1978 Repl.Vol. 8). Grooms answered, admitting that it was owner or lessor of the games and setting up the affirmative defenses that the games were not gambling devices, but were for amusement purposes only, and that it had no control over the ways in which others use the machines. This matter was separated from the license revocation proceeding, and the trial court found that the games had been used in gambling and that they were therefore gambling de-

vices. Hence, it ordered destruction and forfeiture as requested by the state.

On appeal, Grooms contends that the trial court erred in two respects. First, it argues the games are not gambling devices per se, but amusement devices which do not themselves pay off the players. Second, it asserts that no evidence was presented that Grooms had actual or constructive knowledge that the games were being used as gambling devices and that proof of such knowledge is required before destruction of the games can be authorized. In support of these contentions, Grooms cites *Sullivan v. Modern Music Co.*, 137 Colo. 292, 324 P.2d 374 (1958), *MacArthur v. Wyscaver*, 120 Colo. 525, 211 P.2d 556 (1949), and cases from other jurisdictions. None of the cited cases, however, address the law as established by § 18–10–102 and § 18–10–104, C.R.S. (1978 Repl.Vol.8).

Section 18–10–102(3), C.R.S. (1978 Repl. Vol. 8) defines a gambling device as "any device ... that is used or useable in the playing phases of any professional gambling activity, whether that activity consists of gambling between persons or gambling by a person involving the playing of a machine." Section 18–10–104 provides that "[a]ll gambling devices ... are subject to seizure by any peace officer and may be confiscated and destroyed by order of a court acquiring jurisdiction. Gambling proceeds shall be forfeited to the state and shall be transmitted by court order to the general fund of the state."

Here, the trial court found, on supporting evidence, that the video games had been used in gambling and that, therefore, they constituted gambling devices within the meaning of the above definition. If the games were used in gambling, it is logically implicit that they were useable in professional gambling activities. The statutory language includes no requirement that an owner of machines used for gambling have knowledge, actual or constructive, of that fact. Accordingly, we conclude that the trial court did not err in ordering destruction of the video games

and forfeiture of the gambling proceeds here at issue.

The order is affirmed.

SMITH and BABCOCK, JJ., concur.