**In re the MARRIAGE OF Constance G. PLANK, Appellant,**

**and**

**Peter Paul Plank, Appellee.**

**No. 93CA1878.**

Colorado Court of Appeals, Div. II.

Aug. 25, 1994.

Cooper & Cooper, P.C., Robert M. Cooper, Leonard D. Tanis, Broomfield, for appellant.

No appearance for appellee.

Opinion by Judge CRISWELL.

Constance G. Plank (wife) appeals the order of the trial court denying her motion for a writ of garnishment. We reverse the order and remand for further proceedings.

The marriage of wife and Peter Paul Plank (husband) was dissolved in 1986. The decree incorporated the parties' separation agreement, which set aside to husband certain pension funds and all interest in First Energy Leasing Corp. It further provided that:

> [H]usband will be responsible for any obligations including any tax liability associated with [First Energy Leasing Corp.] and will hold wife harmless from any liability thereon.

Beginning in 1991, wife incurred expenses defending against an Internal Revenue Service action concerning First Energy. When she requested that husband assume these expenses, he refused.

In 1993, she filed a motion for attorney fees and for a determination that husband was solely responsible for the tax liabilities. The trial court subsequently entered judgment for her and against husband for the attorney fees and taxes.

She then filed a motion seeking to garnish husband's pension funds as indemnification for monies expended in remedying the tax deficiency. Based upon its conclusion that the pension funds were exempt from garnishment under § 13–54–102(1)(s), C.R.S. (1993 Cum.Supp.), the trial court denied that motion.

Section 13–54–102(1)(s) provides that pension or retirement funds are exempt from levy and sale under writ of attachment or writ of execution. This amendment to the statute is applicable to "writs of execution, attachment, or garnishment issued by a court in *any action* brought on or after [May 1, 1991]." Colo.Sess.Laws 1991, ch. 65 at 385. (emphasis supplied)

The trial court concluded that "any action" refers to the action taken to request the garnishment of pension funds, *i.e.,* wife's 1993 motion for attorney fees and payment of the tax liability. Accordingly, because that motion was filed after the May 1, 1991, effective date of § 13–54–102(1)(s), the court found that garnishment was precluded.

Wife contends, on appeal, that "any action" refers to the commencement of dissolution proceedings, that the action here was commenced in 1985, and that, therefore, the statute has no applicability to these proceedings. We agree with wife.

■ We recognize that the word "action" can bear differing meanings, depending upon the context in which it is used. Nevertheless, if, as here, the term is used with reference to legal proceedings, we conclude that, absent some additional language or context indicative of a different result, it should be taken to refer to the proceedings themselves, rather than to any specific step undertaken in those proceedings.

Section 14–10–105(1), C.R.S. (1987 Repl. Vol. 6B) provides that the Colorado Rules of Civil Procedure shall be applied to all proceedings under the Uniform Dissolution of Marriage Act, except as otherwise specifically provided in that act. And, while the initial pleadings in a dissolution proceeding are called a petition and a response, all other pleadings are "denominated as provided in the Colorado rules of civil procedure." Section 14–10–105(3), C.R.S. (1987 Repl.Vol. 6B).

■ The rules of civil procedure provide for only one form of action, to be known as a "civil action." C.R.C.P. 2; *Colorado State Board of Examiners of Architects v. Marshall,* 136 Colo. 200, 315 P.2d 198 (1957). A civil "action" is commenced either by filing a complaint with the court or by serving a summons and complaint. C.R.C.P. 3. In contrast, C.R.C.P. 7(b)(1) characterizes a motion as an "application" to the court for an order.

Hence, under the rules of civil procedure, the term "action" refers to the proceedings begun in conformance with those rules and not to a motion ancillary to those proceedings. And, we detect no intent by the General Assembly for that term to bear a different meaning in § 13–54–102(1)(s). *See First Interstate Bank v. Berenbaum,* 872 P.2d 1297 (Colo.App.1993) (both General Assembly and court rules have made a distinction between an action and a single claim). Accordingly, because these proceedings had been commenced prior to the adoption of that statute, the trial court erred in applying the statute to the motion filed by wife.

Because we reverse the order on these grounds, we need not consider wife's alternative contention. Moreover, because neither of the parties has raised the issue, we have not considered whether some other state or federal statute, such as the Employees' Retirement Income Security Act, might prohibit or regulate the garnishment of the pension benefits at issue here.

The order is reversed, and the cause is remanded to the trial court for further proceedings on wife's motion for writ of garnishment, consistent with the views expressed in this opinion.

MARQUEZ and TAUBMAN, JJ., concur.