No. 10,962.

LAIL, CLERK AND RECORDER v. PEOPLE, EX REL. OSGOOD.

Decided May 9, 1924.  Rehearing denied May 23, 1924.

Action in mandamus.  Writ made permanent.

*Affirmed.*

1.  MUNICIPAL CORPORATIONS—*Recall—Clerk.*  As to the sufficiency of a recall petition, the clerk of the city of Denver may only determine whether the petition is valid on its face; he cannot question the qualifications of the signers.

2.  RECALL—*Petition—Several Parts.*  Objection that the petition to recall the mayor of Denver was in 605 parts instead of 1, overruled, such a petition being permitted by the charter.

3.  MUNICIPAL CORPORATIONS—*Recall—Signers to Petition.*  Provision

of an ordinance of the city of Denver that signers of recall petitions must. make oath they were' electors, had not signed another like petition, were acquainted with the subject matter, and reside as stated, held invalid as a violation of the city charter.

4.     *Ordinances—Construction.* An ordinance referring to "six preceding sections," construed to refer to such of the preceding sections as were applicable to the ordinance.

5.     *Charter Amendment—Repeal.* There is nothing inconsistent in the Denver amended charter of 1916 and section 23 of the recall provisions because the former declares who shall be mayor in case of a vacancy in that office, since in case of a recall the incumbent is put out and his successor put in at the same moment, and there is no vacancy.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. RICE W. MEANS, Mr. THOMAS H. GIBSON, Mr. NORTON MONTGOMERY, for plaintiff in error.

Mr. HORACE N. HAWKINS, Mr. CHARLES T. MAHONEY, Mr. PHILIP HORNBEIN, for defendant in error.

MR. JUSTICE DENISON delivered the opinion of the court.

AN alternative writ of mandamus directing respondent Lail to transmit a recall petition to the Denver Election Commission was made permanent and he brings error. The petition was for the recall of Stapleton, mayor of Denver, and was tendered to respondent for filing; he examined it and refused to accept it for filing for the following reasons: (1) That it was "not signed by qualified electors equal in number to at least twenty-five per cent of the vote  * * * for such office at the election at which" Stapleton was elected. (2) That the petition was, in form, six hundred and five petitions instead of one. (3) That it did not comply with the ordinance chapter XXVII of the municipal code.

Whether and to what extent the respondent might consider the sufficiency of the petition, in view of our conclusions hereinafter stated, it is not necessary to decide. The

question of what time is reasonable for such consideration is not before us because the respondent considered and reached a decision.

The questions for us are whether he had authority to consider the questions he decided.

1.   As to the first ground for rejection of the petition: We are not entirely agreed as to what authority the clerk has, but we are agreed that the most he can do is, as the trial court held, to determine whether the petition is valid on its face.   He cannot question the qualifications of the signers; therefore he had no power to reject the petition on this ground.

2.   The second point is trifling:   The petition was presented in six hundred and five parts.   This is expressly permitted by the recall amendment.   Charter, Chap. XVII, Sec. 23.

3.   The court below rightly held that the third reason for rejection was bad, because the requirements of the ordinance there referred to were in violation of chapter XVII of the charter.   Some of the requirements of the ordinance which were not obeyed were that every signer should make oath before a notary public at the time of signing that he was a qualified elector, that he had not signed any other or like petition for the same purpose, that he was fully acquainted with the subject-matter of said petition and that he resided at the address accompanying his signature.   The recall amendment provides fully for procedure and this is additional.   The council might by ordinance facilitate, but not by added difficulties practically nullify or hinder the purposes of the charter provisions.   *Schaefer v. Herman,* 172 Cal. 338, 155 Pac. 1084.   These added requirements would practically prevent recall.   The rest of the requirements of the chapter refer to qualifications of signers and are treated above.

4.   It is claimed that the expression in said § 23 "the six preceding sections" cannot refer to sections 22a and 22b, because they, having been passed at the same election as 23, had no existence when that section was voted on, and

that other sections were defeated at that election which, if they had been carried and the present 22a and 22b defeated, would have occupied their places, that therefore the electors would be voting for they knew not what, and that it follows that the six preceding sections means those which have preceded § 23 before its amendment even though some of them have no relation to its subject. We think it enough to say that § 23 must be construed as referring to such of the preceding sections as are applicable to it and that it is more reasonable to say that the voters intended to refer to relevant sections then being enacted than to irrelevant ones already enacted.

5. It is said that § 2 of the amended charter of 1916, called the Speer amendment, is inconsistent with and therefore repeals said § 23 because it declares who shall become mayor in case of a vacancy in that office. Of this we need only to say that we all think there is nothing inconsistent in the two sections, because in case of recall the incumbent is put out and his successor put in at the same moment and there is therefore no vacancy.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE dissent.

MR. JUSTICE BURKE, dissenting.

I agree with the opinion except that portion thereof relating to the ordinance in question. Believing that ordinance is valid and controlling I think the judgment should be reversed.

MR. CHIEF JUSTICE TELLER dissenting.

While I find it difficult to agree with the court's interpretation of the sections of the charter which are in question, I would not for that reason refuse to concur in the judgment of affirmance; but, as I am clearly of the opinion that the ordinance of 1913, which regulates the procedure authorized by section 22b, is valid and controlling, I am unable to concur in the court's conclusion.

The questions here under consideration are important, not so much as bearing upon the possible recall from office of the present mayor, as they are from the fact that we here determine the procedure in such cases, and practically decide that the city council has no power to perform the very acts which article XXI of the Constitution empowers it to perform.

The view expressed by the trial court, and approved by this court, proceeds, I respectfully submit, on a wrong conception of the right of recall, a conception that it is a natural right in the individual elector, to be exercised without restraint or limitation. It is not such a right. It is a creature of the law, a political, not a personal right, and its exercise is subject to such limitations as may be imposed by the authority which granted it. Manifestly the purpose of the grant was to promote good government, that is, to secure an honest and efficient discharge of the duties of elective offices, by enabling the electors to rid an office of one who has shown that his further incumbency of the place will be detrimental to the public welfare. It was not intended to permit a disappointed minority, or a band of political buccanneers to disturb the social peace, to serve their selfish ends. The people as a whole are interested in having the right of recall so regulated in its exercise that it will not be made an instrument, in the hands of a small number, to intimidate, or annoy office holders, or to impose upon the taxpayers the unnecessary burden of a recall election.

The office holder should not be disturbed in the discharge of his duties, except under a procedure in which it is made clearly to appear that the required number of electors desire that an election upon his recall be held. The peace and welfare of the community require that officers, chosen by popular vote, be allowed to serve during their terms, unless, during such terms, their want of fitness has become apparent. It is evident, therefore, that the right is not absolute, but is subject to regulation in the interest of the public.

Section 23, as amended in 1910, allows but five days for

the filing of a protest against a petition, which protest shall set forth the name of each signer protested against.

Manifestly, in the case of a petition purporting to be signed by over 26,000 persons, it would be very difficult, if not impossible, to prepare an adequate protest within five days after the filing of the petition. It is common knowledge that circulators of petitions of this kind are paid a sum for each name appearing on the petition; also, as appears in cases which have been before this court, names in large numbers have been fraudulently placed on such petitions.

If the right is not to be grossly abused to the detriment of the public, and office holders as well, some further regulations of the procedure are needed. Article XXI of the Constitution, adopted in 1912, authorizing the recall of state officers, authorized cities and counties to exercise the same power as to local officers, "under such procedure as shall be provided by law."

It further provided that the legislative bodies of any such city or county "may provide for the manner of exercising such recall powers in such counties," etc.

It must be presumed that members of the city council know what is known by people generally about the improper practices in the matter of these petitions, and, so knowing, it was not only their privilege, but their duty, to enact such ordinances as would tend to prevent an abuse of this important power.

For the purpose of this discussion only, I may accept the conclusion of the trial court that so much of the ordinance as requires every signer to make oath that he is a qualified elector, contravenes a provision in section 23 of the charter which provides that signers "shall be deemed to be qualified electors unless a protest, in writing, under oath, shall be filed with the election commission by some qualified elector within five days after such petition is filed," etc.; yet there are other provisions in the ordinance, not in conflict with anything in the charter, which are clearly valid, and promotive of good order.

It should not be overlooked that it is for the legislative body to determine as to the necessity for regulation, and what the regulations shall be. The courts cannot hold such regulations invalid, if not in conflict with the charter, unless they are so far unreasonable as to prevent a proper exercise of the power granted.

This ordinance requires it to appear that every signer knows the contents of the petition; surely, a reasonable requirement, and one tending to promote the purpose of the grant.

It prohibits persons from signing more than one petition for the same purpose, a manifest safeguard against a signer being twice counted for one purpose. The requirement that a signer make oath to his qualifications as an elector, is but a method of rendering it less likely that persons not entitled to sign may, by their own false statements, deceive the circulators, and be counted when they ought not to be counted.

This ordinance is rejected as obstructing the right to petition for a recall election. If it is so, then every regulation of a granted power, though not in itself unreasonable, is an obstruction.

The right of suffrage is given by the Constitution, and laws regulating its exercise are limitations upon it; yet everyone recognizes not only the propriety of laws to regulate elections, but the necessity therefor. That a signer of a petition should be required to establish his qualifications as such, and the fact that he knows the contents of the petition, no more obstructs his right to aid in bringing about a recall than the registration law interferes with his right to vote.

Believing thus that the provisions of the ordinance should be complied with in forming a legal petition, I am of the opinion that the judgment should be reversed.