# No. 26697

Eugene "Geno" DiManna v. Election Commission of the City and County of Denver, James Bayer, James Voss and F. J. Serafini, as Members thereof, and The Board of Councilmen of the City and County of Denver, Larry J. Perry, James J. Nolan, J. Ivanhoe Rosenberg, Paul A. Hentzell, Kenneth M. MacIntosh, Don Wyman, Edward F. Burke, Jr., Elvin R. Caldwell, Eugene L. DiManna, Robert Koch, William R. Roberts, Linden Blue, Irving S. Hook, as Members thereof v. Santiago H. Valdez, Arthur Rodriquez and David Madrid

(530 P.2d 955)

Decided January 10, 1975.

Robert B. Keating, for plaintiff-appellant.

Max P. Zall, City Attorney, Gerald Himelgrin, Assistant, for defendants-appellees.

Kenneth A. Padilla, for defendant-intervenors-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is a sequel to *Valdez v. Election Commission of the City and County of Denver,* 184 Colo. 385, 521 P.2d 165 (1974), involving a second and different challenge to the validity of the recall petition directed to the removal of Eugene DiManna, councilman of District No. 9. In the first case, upon appeal by the sponsors, we reversed the trial court's holding that the Election Commission had properly refused to count 1,490 petition signatures of those who were not *registered* voters. On remand we directed the Election Commission to hear and resolve all other issues raised by the DiManna protest.

Pursuant to our mandate, the trial court remanded the cause to the Election Commission for reconsideration of the 1,490 invalidated signatures and to hear and resolve all other issues raised by DiManna. Upon remand the Election Commission held further hearings and resolved adversely to DiManna all issues raised in DiManna's protest. The district court, after resolving other matters of an interlocutory nature, adopted the findings and conclusions of the Election Commission. The appellant has appealed on the sole issue of whether the City Charter requires the names of the sponsors to appear on each ''petition or paper circulated'' for signatures. We agree with the trial court's holding that the charter does not so require.

The Election Commission, on this issue, found that the charter should be liberally construed; that the naming of three sponsors on every sheet of the circulated petition is not required by the

charter, and that only the declaration (not each and every circulated set of petitions) need set forth the names of the sponsors. The trial court adopted the findings and conclusions of the commission.

The portions of the charter provisions relevant to the issue before the court are:

"C2.5 *RECALL – PETITION – DECLARATION – SPONSORS* . . . . . . Any elective officer is subject to recall as herein provided, and may be removed from office *by petition of the electors* and an election held thereunder . . . *all recall petitions shall name a committee of three persons as sponsors thereof.* No such petition shall be circulated, or signatures thereto procured, nor shall any signature thereto be valid, until such sponsors have filed with the Clerk of the Council a declaration under oath, setting forth the day, month, and year when the obtaining of signatures to such petition will commence. After receiving such declaration, the Clerk of the Council shall, within forty-eight hours, record the same in the office of the recorder of the City and County of Denver, state of Colorado. Such petition with all signatures thereon, or in support thereof, . . . must be filed . . . . Each signer of said petition shall add to his signature, in his own writing, the date of his signing said petition, and the place of his residence, giving his street number."

"C2.6 *PETITIONS – FORM* . . . . The signatures to petitions need not be on one paper. The circulator of each such paper, which may consist of one or more sheets, shall make an affidavit thereto that each signature thereon is the signature of the person whose name it purports to be. The residence address of each signer shall accompany the signature."

In initiating the recall, the intervenors, pursuant to section C2.5, filed with the Clerk of the City Council the following:

"DECLARATION OF SPONSORS FOR RECALL PETITION AGAINST DENVER CITY COUNCILMAN EUGENE (GENO) DI MANNA, DISTRICT #9

"Santiago H. Valdez, Arthur Rodriguez, David E. Madrid, the affiants being sworn, say that they are the sponsors of a Recall Petition against Denver City Councilman Eugene 'Geno' Di Manna and that they shall proceed to obtain signatures of regis-

tered electors in Councilman Di Manna's District #9 on July 9, 1972, a copy of the Recall Petition is attached hereto.''

The declaration was subscribed and sworn to by the sponsors before a notary public. The copy of the recall petition attached to the declaration does not contain any reference to the sponsors. Each of the sheets originally circulated was identical in form to the one filed with the declaration. DiManna concedes that except for the omission of the designation of the sponsors, the individual sheets or pages of the petition complied as to form with the charter. It thus becomes necessary to construe the terms of the charter on this issue.

■ We noted in *Brooks v. Zabka,* 168 Colo. 265, 450 P.2d 653 (1969) that:

"Such a reservation of power in the people must be liberally construed in favor of the right of the people to exercise it. Conversely, limitations on the power of referendum must be strictly construed.''

What we said in reference to the power of referendum applies equally to the power of recall. *Bernzen v. City of Boulder,* 186 Colo. 81, 525 P.2d 416 (1974), and cases cited therein.

DiManna relies upon a *strict interpretation* of this sentence of section C2.5 — "All recall petitions shall name a committee of three persons as sponsors thereof.'' But we must interpret it liberally together with the other language of the two recall sections with a view to arriving at the true purpose sought to be achieved by the people of Denver in adopting the recall provisions.

The next portion of the section throws some light on our problem. It provides that the petition shall not be circulated, nor signatures be procured, until the *sponsors* have filed with the Clerk of the Council a declaration under oath setting forth the specific time when the petition drive is to begin. The clerk is required within forty-eight hours to record the declaration with the recorder of the City and County of Denver. The reason for requiring the naming of the sponsors in the declaration is further illuminated by subsequent provisions.

Not later than 90 days after the filing of such declaration, the recall petitions must be filed with the Clerk of the Council or the petition and the signatures thereon, or in support thereof, are void

and inoperative for any purpose. However, if the petition is signed by the requisite number of signers and is filed a number of things may occur. For instance, as here, a protest may be filed protesting against some of the signers because they were not *registered* voters in the district. This, in turn, requires the Election Commission to initiate certain procedures and hold hearings to determine the validity of the protests. Its hearings must be concluded within fifteen days after the petition is filed.

Then the Commission shall forthwith certify the result of its examination to the Clerk of the City and County of Denver and serve a copy of such certificate upon the persons named in the petition as the sponsors. In case the petition is insufficient it may be withdrawn by the sponsors, additional signers obtained, and may then be refiled as an original petition.

The importance of the clerk knowing the identity of the sponsors is apparent. It also becomes important to the court that this information be a matter of public record. We find in section C2.6 this provision:

"The finding of the election commission as to the sufficiency of any petition shall not prevent the same being reviewed by any state court of general jurisdiction upon petition of the person or persons representing or signing such petition." (the sponsors)

The sponsors are the individuals who are responsible to the city and to the courts and are known to them. The members of the public who may be interested in this knowledge may readily obtain it at the office of the Clerk and Recorder. To require that the sponsors' names be listed on all of the many hundred sheets which the voters are asked to sign does not appear to be required, nor would it serve any useful purpose.

■ In viewing the two charter sections as a whole, it is our considered opinion that the declaration and accompanying "petition" as well as the numerous individual signature sheets together constitute *the petition*. This thought gains credence from this language in section C2.6:

"The signatures to petitions need not be on one paper. The circulator of each such paper, which may consist of one or more sheets, shall make an affidavit thereto that each signature thereon is the signature of the person whose name it purports to be."

*See Lail v. People,* 75 Colo. 459, 226 P. 300 (1924). We also note that section C2.5 prescribes the substance of the "petitions" to be circulated:

"The petition shall name the officer to be removed, and be signed by qualified, . . . electors . . . and shall contain a statement of the grounds upon which it is sought to remove him."

We hold that the declaration constitutes a part of the recall petition and that it is not necessary to list the names of the sponsors on each sheet that is circulated for signing by the electors.

The judgment of the trial court is affirmed and the cause is remanded. Petition for rehearing, if any, shall be filed on or before January 15, 1975.

MR. JUSTICE GROVES does not participate.