**Charles W. HAZELWOOD, Leroy H. Nelson, and Maynard L. Maddux, Plaintiffs–Appellants,**

v.

**Constance SAUL, County Clerk of the County of Park; and Wayne Hargrave, Eunice Gray, Harley Hamilton, Paul Imboden, Larry Streeter, Ken Davis, Hal Parsley, Mary Hoganson, Willard Hoganson, Robert Delcupp and Marie Delcupp, Defendants–Appellees.**

**No. 80SA443.**

Supreme Court of Colorado, En Banc.

Nov. 17, 1980.

Robert C. Ozer, P. C., Conifer, for plaintiffs–appellants.

Cogsgriff, Dunn & French, Robert H. S. French, Breckenridge, for defendant–appellee Constance Saul.

Marshall L. McClung, Fairplay, for defendants–appellees Wayne Hargrave, Eunice Gray, Harley Hamilton, Paul Imboden, Larry Streeter, Ken Davis, Hal Parsley, Mary Hoganson and Willard Hoganson.

HODGES, Chief Justice.

This is an appeal from a judgment of the district court affirming a decision of the County Clerk of Park County that petitions filed with her calling for the recall of the Park County Commissioners were insufficient because of the improper oath of the circulators. We affirm.

On June 26, 1980, appellants Hazelwood, Nelson and Maddux filed with the County Clerk and Recorder of Park County petitions for recall of each of the three Park County Commissioners: Paul Imboden, Ken Davis, and Larry Streeter. If valid, the petitions contained sufficient signatures to compel a recall election.

On July 7, 1980, each of the county commissioners filed a protest to the petitions. Pursuant to section 30–10–203, C.R.S. 1973, the county clerk conducted a hearing on July 17, 1980 to determine the sufficiency of the petitions. On July 22, 1980, the county clerk issued her written findings in which she determined all three petitions to be insufficient. Specifically, the county clerk ruled that the circulators' oath did not meet the requirements of Article XXI, Section 2 of the Colorado Constitution and section 30–10–203(2), C.R.S. 1973, and that such oaths were not "on" the signature sheets as required by the constitution and statute. As a result, the county clerk concluded that the recall petitions were insufficient.

Appellants sought judicial review of the county clerk's ruling in the district court for Park County, and the three county commissioners cross–claimed to obtain judicial review of the county clerk's determination that other alleged defects did not render the petitions invalid. The district court assumed jurisdiction pursuant to section 30–10–203(2), C.R.S. 1973, and C.R.C.P. 106.

On October 10, 1980, the district court ruled *nunc pro tunc* September 5, 1980, that the circulators' oaths were "on" the signature sheets as required, but held that those oaths did not satisfy the statutory requirement of section 30–10–203(2), C.R.S. 1973. On that ground, the district court affirmed the finding of the county clerk that the recall petitions were insufficient. Appeal was made to this court.

The language in the circulators' oaths which the county clerk and district court found to render the petitions insufficient was:

"There will be found next to some of the said signatures on the petition, notations added by me or by other members of the Recall Imboden, Davis & Streeter (R.I. D.S.) to clarify the names of illegible signatures, to complete incomplete address designations, and, in a few instances, to designate the date upon which I witnessed the signature when the person who signed the petition did not personally write in the date. Each signature, however, is the actual personal signature of the person whose name has been signed, as stated above."

Section 30–10–203(2), C.R.S. 1973, requires that "each signer must add to his signature the date of his signing said petition and his place of residence, giving his street number, if any." The county commissioners contend, and the county clerk and district court ruled, that, as a matter of law, the inclusion of the quoted paragraph in the circulators' oaths render the petitions insufficient.

■ The rule is well–established in this state that the right of recall is a fundamental right of the people. Statutes governing the exercise of the power to recall are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed. *People v. McPherson*, 191 Colo. 81, 550 P.2d 311 (1976); *DiManna v. Election Commission of the City and County of Denver*, 187 Colo. 270, 530 P.2d 955 (1975); *Bernzen v. City of*

*Boulder*, 186 Colo. 81, 525 P.2d 416 (1974); *Brooks v. Zabka*, 168 Colo. 265, 450 P.2d 653 (1969).

To liberally construe the statutes governing the exercise of the power to recall is not to ignore entirely the requirements of those statutes. Section 30–10–203(2), C.R.S. 1973, explicitly requires that the signer must include the date of his signing and his place of residence with his signature. *See Landrum v. Ramer*, 64 Colo. 82, 172 P. 3 (1918); *cf. Haraway v. Armstrong*, 95 Colo. 398, 36 P.2d 456 (1934) (statute nor requiring signer to add address and date).

■ Section 30–10–203(2), C.R.S. 1973, also requires that "[t]he person circulating such [signature] sheet must make and subscribe an oath on such sheet that the signatures thereon are genuine. . . ." The oath to which the circulators subscribed in this case attests to the genuineness of the signed names, but appears to state that the circulators tampered with the other elements of the signatures, *i.e.*, the addresses and dates of signing. Such an oath does not meet the requirements of section 30‑‑10–203(2), C.R.S. 1973, and therefore renders the petitions insufficient. It is clearly improper because it casts a cloud of suspicion on the circumstances surrounding the solicitation and obtaining of signatures and thereby detracts from the reliability of the petitions.

Appellants also contend that the district court erred by refusing to allow them to introduce evidence during that court's review of the county clerk's ruling. We do not agree.

■ The district court's jurisdiction to review the action of the county clerk was pursuant to C.R.C.P. 106(a)(4). *Valdez v. Election Commission of the City and County of Denver*, 184 Colo. 384, 521 P.2d 165 (1974). This rule provides for certiorari review of the county clerk's action. In a certiorari proceeding pursuant to C.R.C.P. 106(a)(4), the district court's review is limited to a review of the record before it. Introduction of new testimony is not appropriate. *See e.g., Hessling v. City of Broom-*

*field*, 193 Colo. 124, 563 P.2d 12 (1977); *Toland v. Strohl*, 147 Colo. 577, 364 P.2d 588 (1961). Therefore, the district court did not err in refusing to hear additional testimony.

Judgment affirmed.

LEE, J., does not participate.