R.E.C.A.L.L. (RESIDENTS EXTREMELY CONCERNED ABOUT LA PLATA'S LEADERSHIP), a political committee formed in compliance with "The Campaign Reform Act of 1974", comprised of Dick Elder, Larry Gasser, E.L. Hutchinson, Jean McCullough, Georgia Patcheck, Carla Chew, and Rick Chew, who bring this action as members of said committee and as individuals, and Rick Chew, as the person listed on the petition representing the signers of the Recall Petition, Plaintiffs-Appellants,

v.

Leta SAUER, Clerk and Recorder of La Plata County, State of Colorado, and R.T. Scott, Commissioner of La Plata County, State of Colorado, Defendants-Appellees.

No. 85CA0300.

Colorado Court of Appeals, Div. II.

May 1, 1986.

Rick Chew, Durango, for plaintiffs-appellants.

Victor Reichman, Durango, for defendant-appellee Leta Sauer.

Duncan & Miller, David W. Duncan, Durango, for defendant-appellee R.T. Scott.

STERNBERG, Judge.

R.E.C.A.L.L. (Recall), a political action committee, and Rick Chew, plaintiffs in this C.R.C.P. 106(a)(4) action, appeal an order of the trial court upholding the determination made by defendant Leta Sauer, Clerk and Recorder of La Plata County, that petitions submitted to her seeking recall of defendant R.T. Scott, La Plata County Commissioner, were insufficient. We affirm.

Provisions governing petitions for recall of elective county officers are found in § 30–10–203(2), C.R.S. (1985 Cum.Supp.), which was enacted pursuant to authority conferred by Colo. Const. art. XXI § 4. This statute provides that "[t]he person circulating [a recall petition] must make and subscribe an oath ... that the signatures thereon are genuine...."

Each page of the recall petition here at issue contains the statement that: "[T]he

above signatures were signed in my presence and are genuine signatures." Circulators of the petition sheets signed their names after that statement, but their signatures were in no way authenticated or verified. The petitions were filed with the clerk and recorder who determined that the statement did not constitute an oath as required by the Constitution and statute. The trial court agreed and this appeal followed.

The plaintiffs assert on appeal that, because Colorado case law requires liberal interpretation of provisions governing the recall process, the quoted statement and signature should be held to comply with the oath requirements of the Constitution and statute. We do not agree.

■ We recognize that the power of the people to use the recall procedures must be liberally construed and that, conversely, limitations thereon must be interpreted strictly. *See DiManna v. Election Commission*, 187 Colo. 270, 530 P.2d 955 (1975). Nevertheless, "to liberally construe the statutes governing the exercise of the power to recall is not to ignore entirely the requirements of those statutes." *Hazelwood v. Saul*, 619 P.2d 499 (Colo.1980).

■ Both constitutional provisions governing recall of state officers and the statute relating to recall of county officers expressly require that circulators of recall petitions subscribe an oath. The simple statement appearing on the petition sheets at issue here includes neither a declaration that the statement is true, nor the formal words required by statute to be contained in oaths or affirmations. *See* § 2–4–401(7), C.R.S. (1980 Repl.Vol. 1B); §§ 24–12–101 and 24–12–102, C.R.S. (1982 Repl.Vol. 10). And, the statutes contemplate that oaths and affirmations must be administered to the maker by another person who is empowered so to act. *See,* §§ 24–12–103 through 24–12–105, C.R.S. (1980 Repl.Vol. 10); § 30–10–416, C.R.S. (1977 Repl.Vol. 12); § 12–55–110, C.R.S. (1985 Repl.Vol. 5).

The petitions lacked the verifying oath required as an index of validity by both Constitution and statute and, therefore, they were facially insufficient.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.