Joseph V. DODGE, Plaintiff–Appellee,

v.

COUNTY CLERK AND RECORDER OF THE COUNTY OF FREMONT, State of Colorado, Defendant–Appellant.

No. 87CA1816.

Colorado Court of Appeals, Div. III.

Jan. 5, 1989.

No appearance for plaintiff-appellee.

Roger B. Larsen, Dist. Atty., Canon City, for defendant-appellant.

VAN CISE, Judge.

Defendant, the Fremont County Clerk and Recorder (the clerk), appeals the judgment requiring her to accept for filing petitions for the recall of four county officials. We affirm.

The facts were stipulated, and are as follows. On October 2, 1987, plaintiff, Joseph V. Dodge, a registered voter and resident of Fremont County, presented to the clerk, at her regular place of business, petitions for the recall of three county commissioners and the county assessor. The petitions were in proper form and appeared to have been signed by the requisite number of signers. The clerk refused to accept the petitions for filing because she determined, without a hearing, that the petitions were not in compliance with § 30–10–203(1), C.R. S. (1986 Repl.Vol. 12A). That statute provides, in pertinent part, that "all such recall petitions shall be filed ... within sixty days from the date the first signature was affixed to the petition." It was also stipulated that failure to comply with this 60–day rule constituted the only reason for the clerk's refusal to accept the petitions.

On October 7, plaintiff commenced this mandamus/declaratory judgment action. By agreement, the case was tried to the court on October 14. On that date, the court reversed the decision of the clerk and ordered her to accept the petitions for fil-

ing when presented anew by the recall petitioners. It further provided that, for purposes of measuring the 60–day period, the filing date would be considered to be October 2 (the original filing and rejection date), and the 15–day protest period would commence on the actual date the petitions are refiled with the clerk. This appeal followed.

 The issue for decision in this appeal is whether the trial court erred in requiring the clerk to accept and file the recall petitions even though some of the signatures thereon appear to have been entered more than 60 days before the petitions were presented for filing. We agree with the trial court.

As stated in *Hazelwood v. Saul,* 619 P.2d 499 (Colo.1980):

"The rule is well-established in this state that the right of recall is a fundamental right of the People. Statutes governing the exercise of the power to recall are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed."

Both Colo. Const. art. XXI, § 1, and § 30–10–203(1), C.R.S. (1986 Repl.Vol. 12A) specify that the petitions "shall be filed." Liberally construed, this means that the clerk has no discretion, and acceptance for filing is mandatory. Thus, the clerk must accept the petitions for filing and then conduct a hearing on protests, if any, including a possible protest on the basis of noncompliance with the 60–day rule. Absent timely protests, the filed petitions are deemed sufficient and the procedure prescribed in § 30–10–203(4), C.R.S. (1986 Repl.Vol. 12A), must be followed.

JUDGMENT AFFIRMED.

CRISWELL and ENOCH *, JJ., concur.