**Paul G. ADAMS and Dieter Sander, directors of the Mid Valley Metropolitan District, Appellants,**

v.

**Richard HILL and Robert Taylor, representatives of signers of petitions, Appellees.**

No. 89CA0258.

Colorado Court of Appeals, Div. A.

Aug. 10, 1989.

Leavenworth & Lochhead, P.C., James S. Lochhead and Loyal E. Leavenworth, Glenwood Springs, for appellants.

Myler, Stuller & Schwartz, Sandra M. Stuller, Aspen, for appellees.

RULAND, Judge.

Paul G. Adams and Dieter Sander, directors of Mid Valley Metropolitan District, appeal from the judgment of the district court approving recall petitions filed by Richard Hill and Robert Taylor and ordering an election. This court granted a stay of the election pending resolution of the appeal. We now reverse and remand with directions.

Pursuant to § 32–1–906(1) and (2), C.R.S. (1988 Cum.Supp.). of the Special Districts Act, appellees filed petitions with the district court for the recall of Adams and Dieter. These directors filed protests. *See* § 32–1–906(3).

At a hearing concerned with those protests, the directors moved to strike the recall petitions, asserting that the requisite number of signatures had not been obtained. The directors made an offer of proof to the effect that the clerk of the court had failed to determine whether the petitions met the threshold statutory requirements. Specifically the Directors asserted that there were at least 204 eligible electors in the district, and that the eighty-one signatures appearing on the petitions constituted less than 40 percent of the electors, the minimum required by § 32–1–906(1).

The district court denied the directors' motion to strike the petition, granted a motion by appellees to strike the protests as lacking the necessary verification, and ordered an election. *See Ramer v. Wright*, 62 Colo. 53, 159 P. 1145 (1916).

Pursuant to § 32–1–906(1), a petition to recall the director of a special district must

contain signatures of either 300 electors or 40 percent of the electors entitled to vote for a director's successor, whichever number is less. Section 32-1-906(3) provides:

> "*All petitions shall be deemed and held to be sufficient if they appear to be signed by the requisite number of persons who shall be deemed and held to be electors*, unless a protest in writing under oath is filed in the court by an elector within fifteen days after such petition is filed, setting forth specifically the grounds of such protest." (emphasis added)

■ The issue is whether an evaluation of the petitions for statutory compliance is an initial obligation of the officer accepting the petitions even absent a protest. We conclude that this evaluation is required.

■ We recognize that generally statutes governing recall elections are liberally construed. *Hazelwood v. Saul*, 619 P.2d 499 (Colo.1980). However, in *Landrum v. Ramer*, 64 Colo. 82, 172 P. 3 (1918), our supreme court interpreted a provision substantially similar to that quoted above which currently appears in Colo. Const. art. XXI, § 2. The court there construed the emphasized language to require the officer who accepts the petitions for filing to determine whether the petitions are properly verified, whether the requisite number of signatures appear, and whether the signers have dated their signatures and furnished an address. The court reasoned that the taxpayers should not be burdened with the cost of an election until this threshold determination had been made. *See also R.E.C.A.L.L. v. Sauer*, 721 P.2d 154 (Colo.App. 1986).

Statutes containing provisions similar to § 32-1-906(3) have been adopted in various years since *Landrum* was decided without modification of the language pertaining to an initial determination of the sufficiency of the petition. *See, e.g.,* § 24-9.5-103(2), C.R.S. (1988 Repl.Vol. 10A); § 30-10-203(2), C.R.S. (1986 Repl.Vol. 12A). Accordingly, we must presume that the General Assembly was aware of the rule announced in *Landrum* at the time it adopted these statutes and the Special District Act in 1981. *See People v. Green*, 734 P.2d 616 (Colo.1987). We therefore necessarily conclude that the clerk of the district court is required to make the threshold determination required by *Landrum* at the time the petitions are first tendered for filing. This determination is required regardless of whether any protest is filed. Because no such determination appears in the record before us, the court's order requiring an election cannot stand.

On remand, the district court shall direct the clerk of the court to determine the sufficiency of the petitions in accordance with *Landrum, supra,* as of the date the petitions were presented for filing. Calculations as to whether the requisite number of signers have executed the petitions may be based upon information reasonably available to the clerk in a timely manner.

If the clerk of the court determines that the petitions are sufficient under *Landrum*, the petitions shall be deemed filed. The fifteen day period for the filing of protests shall not commence until the date the petitions are deemed filed, and the clerk shall furnish written notice to that effect on the date the petitions are approved to any parties who have filed written appearances in the case as well as any other parties who are entitled to notice under the applicable statute.

If the clerk determines that the petitions are insufficient, the petitions shall not be deemed filed, and the clerk shall issue written notice to that effect to any interested parties who have filed written appearances in the case. Any timely protests to the clerk's determination shall be resolved by the trial court in a hearing scheduled for that purpose.

We need not address the remaining issues raised by the directors.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

KELLY, C.J., and NEY, J., concur.